MARY WHITTIER *vs.* TOWN COUNCIL OF NORTH PROVIDENCE.

A committee was appointed by the town council of N. P., under the provisions of chap. 310 of the Statutes, to confer with W. in relation to the damage to her estate by bringing a highway to grade, and report the same to the council. After receiving their report, which did not state whether they had agreed or had not been able to agree with W. for the damage, the council voted that it be rejected, and that W. and other claimants have leave to withdraw. W. thereupon appealed to the Court of Common Pleas. *Held*, that the appeal must be dismissed for want of jurisdiction, it not being the appeal provided for by the statute, namely, from the appraisal of a town council made after a report of a committee that they have not been able to agree with W. for the damage, and that her remedy was by a proceeding in the Supreme Court for a writ of mandamus to the town council to direct them to proceed according to the statute.

APPEAL, taken to the Court of Common Pleas for this county, at its December Term, 1871, from the proceedings of the town council of the town of North Providence, under chapter 310 of the Statutes, the substance of which, as well as the grounds of the appeal, are stated in the opinion of the court.

The case was here heard upon the appellees' exception to the refusal of Mr. Justice Burges, holding the said Court of Common Pleas, to grant their motion to dismiss such appeal.

*Blodgett*, for appellees, in support of the exception. The court had no jurisdiction of the case, and ought to have dismissed the appeal. The proceedings of the town council, from which an appeal was claimed, were under chapter 310 of the Statutes.

The owner of land abutting upon a highway, the grade of which is changed by the town council, has no claim for damages done to his land by such change, lawfully made, except under said act. *Callender* v. *Marsh*, 1 Pick. 431.

Before the town council can award damages, there must be: 1. A lawful change of the grade of the highway. 2. Upon the application of the abutting proprietor a committee must be appointed with power to agree with such proprietor upon the amount of damage, such agreement being binding upon the town. Sections 2 and 3 of said chap. 310. 3. Said committee must report that they are unable to agree. Sec. 4 of said act. 4. After such report, the town council shall proceed to value and appraise the damage, if any. It is only from an appraisal so made by the town council that an appeal can be taken to the Court of Common Pleas. Sec. 5 of said act.

It appears by the record in this case that no *appraisal* was made by the town council; all that appears is, that the town council refused to make an appraisal. From such refusal no appeal to the Court of Common Pleas will lie, because: (*a.*) The Court of Common Pleas is not the appellate town council for all the towns, as the Supreme Court is the appellate Probate Court; and (*b.*) No right of appeal is given by statute in such case.

If such refusal of the town council was wrongful, the aggrieved party had a remedy. Upon a proper application and by proper process, the Supreme Court could have compelled the town council to perform a duty specifically prescribed by statute. Upon such refusal of the town council, the Court of Common Pleas cannot, upon appeal or otherwise, assume jurisdiction and proceed to do what the town council has refused to do.

*John Eddy*, for the appellant. 1. The appeal from the doings of the town council is properly taken, and is a subject for appeal. Statutes, chap. 610.

2. All irregularities are waived which are not taken advantage of in the first stage of the process. *Potter* v. *Smith*, 7 R. I. 55.

3. The judge of the Court of Common Pleas is authorized to treat a case as unanswered after the second day of the term, and to have a party defaulted when he has not in person, or by attorney, entered his appearance in the case either upon the papers or upon the docket, and has not filed a plea. Rules of Court, 25, 27, and 28; Rev. Stat. chap. 43, §§ 13 and 18.

4. "The granting or refusing to grant a motion which is in the discretion of the Court of Common Pleas, cannot be the subject of a bill of exceptions to the Supreme Court." *Edwards* v. *Hopkins*, 5 R. I. 138.

5. When a party asks the Supreme Court for a trial, or new trial, he must make affidavit of merits of defence, or furnish such proof as will satisfy the court of the existence of such merits. *Draper* v. *Bishop*, 1 R. I. 489.

6. A party excepting in the Court of Common Pleas must give a bond and enter the case in the next Supreme Court "as in other appeals." Rev. Stat. chap. 192, § 17, and chap. 191, §§ 1, 2, 3, and 4.

7. Notice of petition for trial, or new trial, must be served on appellant. Rev. Stat. chap. 193, § 5.

DURFEE, J. This case comes before us upon exceptions to a ruling of the Court of Common Pleas, in a proceeding under Stat. ch. 310. That statute provides for compensation to be made to the proprietors of land abutting upon a highway, for the damages done to them by a change of the grade of the highway. The statute requires that where such change of grade has been made in any town, the town council shall, upon the application of the proprietors, appoint a committee to examine into the matter, and agree, if they can, with the proprietors for the damages, and to make report in writing to the town council. If there is an agreement, it binds both the proprietors and the town. If the committee report that they have not been able to agree, the statute directs the town council, after notice to the proprietors, to value and appraise the damages, and gives to any proprietor who is aggrieved by the appraisal, an appeal to the ·Court of Common Pleas.

This case originated in a change of the grades of Valley and Bath streets in North Providence, the appellant, Mary Whittier, being the owner of a lot of land at the junction of the two streets abutting upon them. The town council appointed a committee, May 2, 1871, " to confer with Mrs. Mary Whittier in relation to damage to her estate by working Valley Street to grade, and report the same to the council." The copy of the record filed in the case does not show the appointment of any committee for Bath Street, nor any application for a committee for either street. The committee for Valley Street reported July 3, 1871, stating facts in regard to the injury done to the estate of Mrs. Whittier. The report concluded as follows : " The committee are of the opinion that the estate could not be put in condition that would satisfy Mrs. Whittier for a less sum than three thousand dollars for the damage done her estate, although she informed the committee that she would take two thousand dollars, but had much rather the town would do it. The work was commenced on this street some two years since, and has been a great loss and inconvenience to the estate that length of time. Your committee not being in possession of any information in relation to former action by the town council in matters of damage, growing out of the relaying and grading Valley Street, deem it their duty to report the facts and the condition of the estate to you

for your consideration." The committee did not report either that they had agreed, or that they had not been able to agree with Mrs. Whittier for the damages.

The report, when presented, was received and laid upon the table, and the committee was discharged. On the second of October, 1871, the town council, being requested by John Eddy in behalf of Mrs. Whittier to take some action upon the report, informed him " that no action would be taken at present ; " and, on the same day, resolved that certain claims, including the claims of Mrs. Whittier, " for damages on Valley and Bath streets, are illegal, and that all reports relative thereto be rejected, and the claimants have leave to withdraw." Mrs. Whittier thereupon appealed to the Court of Common Pleas. The case was called in the Court of Common Pleas, and, no one appearing for the town, the court gave judgment for Mrs. Whittier in the sum of $3,000 and costs. After this judgment had been entered, W. W. Blodgett, Esq., appeared for the appellees, and moved that the appeal be dismissed, on the ground that there was no judgment or decree of the town council from which an appeal could lawfully be taken, and that the court had no jurisdiction to entertain the same. This motion the court overruled, and thereupon the appellees excepted.

The exception raises the question whether there was an appeal lawfully taken to the Court of Common Pleas, so as to give that court jurisdiction of the proceeding. We are entirely clear that the record, as above recited, shows no case which would entitle Mrs. Whittier to an appeal, or give jurisdiction to the Court of Common Pleas. The only person entitled to an appeal under the statute is a proprietor, " who shall be aggrieved by the appraisal " of the town council, and this appraisal is to be made by the town council after a report of a committee that they have not been able to agree with the proprietor for the damages. The committee appointed to confer with Mrs. Whittier never reported that they had not been able to agree with her for the damages, and the town council never valued and appraised the damages by her sustained, but resolved that her claim was illegal, and gave her leave to withdraw. The counsel for Mrs. Whittier contends that this resolution is equivalent to an appraisal, finding that she had sustained no damages. But we do not so consider it ; for

the record imports that the question of the amount of damages by her sustained was never passed upon or entertained, as indeed the town council ought not to pass upon or entertain it until after a report of a committee that they had been unable to agree with the claimant. If the committee appointed to confer with Mrs. Whittier was a committee appointed on her application, the council, doubtless, instead of giving her leave to withdraw, should have recommitted the matter either to the same or another committee, and have awaited a report to be made in the manner required by the statute. They did not do this, and they did not make an appraisal, and therefore they did not proceed to the determination from which an appeal could be taken under the statute.

The counsel for Mrs. Whittier objects that, if she cannot have an appeal, she is without remedy. We do not think so. She has only to make application to the town council for a committee or committees, as provided by the statute (unless she has already made application therefor, which the copies from the record filed in this case do not show), and then if the town council refuse to proceed as directed by the statute, a proceeding in this court for a writ of mandamus will, we have no doubt, procure for her the appropriate relief.

We think the exception must be sustained and the appeal dismissed for want of jurisdiction, the same having been unlawfully taken.                    *Exception sustained. Appeal dismissed.*